1  LAW OFFICES SAM CHANDRA, APC
   SAM CHANDRA   (SBN 203942)
2  710 S. Myrtle Ave., # 600
3  MONROVIA, CALIFORNIA 91016
   Tel: (626) 305-0555
4  Email:  Fax@Chandra-Law.com

5

6  Attorney for Moving Party -
   BRECKENRIDGE PROPERTY FUND 2016, LLC
7

8

9                   UNITED STATES DISTRICT COURT

10              FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12 | BRECKENRIDGE PROPERTY FUND ) Case No:  2:23-CV-08193-CBM-E
   | 2016, LLC,                                   )
13 |                                              )
   |                                              ) NOTICE OF MOTION AND MOTION
14 |          Plaintiff,                          ) TO REMAND REMOVED ACTION
   |                                              )
15 |                                              ) [28 U.S.C.S. § 1447(c)]
   |   vs.                                        )
16 |                                              ) Date: November 14, 2023
   | ELZIRA M WILBURN; EMT                        ) Time: 10:00 a.m.
17 | REVOCABLE LIVING TRUST and                   ) Courtroom:  8D
   | DOES 1 through 10,                           ) Location: 350 W. 1st Street, Courtroom
18 |                                              ) 8D, 8th Floor OR AS ASSIGNED Los
   |          Defendants.                         ) Angeles, California 90012
19

20     TO Defendant, ELZIRA M WILBURN; EMT Revocable Living Trust and

21 to all other interested parties herein:

22
       PLEASE TAKE NOTICE, that the undersigned will move this Court in
23

24 Courtroom 8D, of the United States District Court, First Street Courthouse,

25
   Located at 350 W. 1st Street, Courtroom 8D, 8th Floor OR AS ASSIGNED, Los
26

27 Angeles, California 90012, on November 14, 2023 at 10:00 a.m., or as soon

28
   thereafter as the matter may be called, for an order remanding this case to the LOS

ANGELES County Superior Court for the State of California, Stanley Mosk Courthouse. This motion is made upon the ground that this case was improperly removed and that it is not properly within the jurisdiction of this court, based upon the following:

The cause could not have been originally filed in Federal Court;

There is ground for removal due to diversity in citizenship as Defendant is a resident of the Home Court State 28 USC §1441 (b)(2).

The amount of controversy does not exceed $75,000.00, and;

There are no claims within the state court action that are subject to federal question jurisdiction.

Each of these contentions is more clearly expressed within the affidavit of Olivia Reyes, an agent of the Plaintiff and person most knowledgeable. All attached exhibits and a memorandum of law in support of the above motion are attached hereto and made a part hereof.

Dated: October 9, 2023              Law Offices of Sam Chandra, APC


By:    _____/s/_____
       Sam Chandra

LAW OFFICES SAM CHANDRA, APC
SAM CHANDRA   (SBN 203942)
710 S. Myrtle Ave., # 600
MONROVIA, CALIFORNIA 91016
Tel: (626) 305-0555
Email:  Fax@Chandra-Law.com

Attorney for Moving Party -
BRECKENRIDGE PROPERTY FUND 2016, LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ELZIRA M WILBURN; EMT REVOCABLE LIVING TRUST and DOES 1 through 10, <br><br> Defendants. | Case No:  2:23-CV-08193-CBM-E <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND <br><br> Date:  November 14, 2023 <br> Time: 10:00 a.m. <br> Courtroom:  8D <br> Location: 350 W. 1st Street, Courtroom 8D, 8th Floor OR AS ASSIGNED Los Angeles, California 90012 |

Plaintiff, and moving party, BRECKENRIDGE PROPERTY FUND 2016, LLC, hereby submits the following Memorandum of Law in support of its Motion for Remand.

I.

**<u>GROUNDS FOR MOTION TO REMAND</u>**

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure (28 USC §1447(c), see *Buchner v. FDIC* (5th

Cirt 1993) 981 F2d 816, 820). A motion for remand lies where there is no diversity of citizenship, or the claim does not in fact 'arise under' federal law. Such defects go to the court's subject matter jurisdiction and can be raised at any time (*International Primate Protection League v. Administrators of Tulane Ed. Fund* (1991) 500 US 72, 87, 111 S.Ct. 1700, 1709-1711; see *Bromwell v Michigan Mut. Ins. Co*. (3rd Cir. 1997) 115 F3d 208, 213)

## II.
## **THERE IS NO FEDERAL JURISDICTION**

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. (See, e.g., *Kokkonen v. Guardian Life Ins. Co*., 511 U.S.375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994)). Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule which provides that jurisdiction under § 1331 is proper only when a federal question appears on the face of a well-pled complaint. (See, e.g*., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

As a result, a plaintiff-as master of the complaint-'may avoid federal jurisdiction by exclusive reliance on state law.' *Id*. Further, a defendant cannot remove solely 'on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even

if both parties concede that the federal defense is the only question truly at issue.' *Id*. at 393, 107 S.Ct. 2425. Thus, the federal question must appear on the face of the complaint, as alleged and controlled by the plaintiff. *Chesler/Perlmutter Prods., Inc*., 177 F.Supp.2d at 1055." (*Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1091-92 (C.D. Cal. 2005) aff'd, 446 F.3d 1011 (9th Cir. 2006))

The underlying cause in State Court is founded exclusively upon a statutorily create right of an owner to recover possession of real property following its purchase at a non-judicial foreclosure sale. Specifically, *California Code of Civil Procedure* §1161a provides in relevant part:

> (b) In any of the following cases, a person who holds over and continues in possession of . . . real property after a three-day written notice to quit the property has been served upon the person . . . may be removed therefrom as prescribed in this chapter:
> (3) Where the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected.

As stated in Plaintiff's complaint, defendants and removing parties are the former owners and/or occupants of certain real property which was sold at a properly noticed non-judicial sale, and Plaintiff's remedies therefore falls squarely within the purview of this State Statute. There is no corresponding federal law which would permit plaintiff to recover property from its former owner following the sale of that property following foreclosure upon the deed of trust. Removal of this cause is therefore improper as the matter could not have originally filed in

Federal Court. (28 USC §1441(c); *City of Chicago v. International College of Surgeons* (1997) 522 US 156, 163, 118 S.Ct. 523, 529).

### III.
### **THERE IS NO DIVERSITY OF CITIZENSHIP**

Before analyzing diversity, Defendant must show that he or she was not a citizen of the State where the action was originally brought. See 28 U.S.C. § 1441 (b)(2). In this case the subject premises is located within the State of California, the home court is also located within the state of California. As the premises is a residence and the residence of the Removing Defendant, the Defendant is a resident of the State of California. Thus Defendant has no grounds to remove under the basis of diversity.

We must note that the Defendant as named in the State Court Complaint is Elzira M. Wilburn a natural person. In this removal Elzira M. Wilburn attempts to use her trust, the EMT Revocable Living Truyst as "Attorney-In_Fac for "elzira mae wilburn". There are several procedural problems here. State Law does not allow interpleaders within an unlawful detainer only appearances pursuant to CCP §415.46 allow a 3rd party who claims a right of possession to enter into the case. This was not done at the state court level. Thus any action to add additional parties would need to occur at the Federal Level, once the case was properly removed. An additional problem is that a "Living Trust" is not a legal entity with capacity to act upon its own such as a Corporation or Limited Liability Company.

Any such entity would need to be registered with the Secretary of State of California or another jurisdiction. In the case of a common law Trust, the Trustee must act on behalf of the trust. The EMT Revocable Living Trust is not a party to this action despite the Defendants pleadings. Furthermore, it appears that Defendant is attempting to expand the nature of the case. In the amended Notice of removal, entities such as the Social She as please that the following Defendants are indispensible parties: Social Security Administration; Treasurer of the United States as Agent for the United States Government, et al. None of these parties filed a claim of right to possession. This Unlawful Detainer seeks to adjudicate the right of possession only, not title, but the right of possession. As such, only parties in actual possession my join and litigate.

## IV.
## **THE AMOUNT IN CONTROVERSY DOES NOT EXCEED $75,000.00**

Defendant is also unable to meet § 1332's amount in controversy requirement. The Complaint's caption states "Limited Civil" It is not contested that this case was removed from the Limited Civil. The civil case cover sheet States "Limited (Amount Demanded is $25,000.00 or less). (See Original Notice of removal at page 61, See Exhibit 3). In unlawful detainer actions, the title to the property is not involved—only the right to possession. (*Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the

sale's value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking restitution, possession of the premises, costs of suit, and $100.00 per day until it obtains a judgment or recovery of possession of the premises.

Because neither the "four corners" of the complaint nor the Notice of Removal contains sufficient allegations concerning the citizenship of the parties or the amount in controversy, Defendant has not met her burden to establish diversity jurisdiction. (See *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (2005)).

V.

### **REMOVAL BASED UPON AN ANTICIPATED FEDERAL DEFENSE WILL NOT SUPPORT REMOVAL**

Federal question jurisdiction does not exist where the compliant is based entirely on state law, even if the issues of federal law are certain to be raised in the defendant's answer or counter-claim (*Phillips Petroleum Co. v. Texaco, Inc*. (1974) 415 US 125, 127, 94 S.Ct. 1002, 1004; Taylor v. Anderson (1914) 234 US 74, 75-76, 34 S.Ct. 724, 275)

Here, it appears that the removing party seeks to establish as the basis for his removal, some manner of future discovery issue.  This basis, even if based upon a federal statute will not support his application for removal as the removal statutes are construed restrictively, so as to limit removal jurisdiction. Doubts as to removability are resolved in favor of remanding the case to the state court

(Shamrock Oil & Gas Corp. v. Sheets (1941) 313 US 100, 108-109, 61 S.Ct. 868, 872; Gaus v. Miles, Inc. (9th Cir. 1992) 980 F2d 564, 566)

Further, the defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case (*California ex rel. Lockyer v Dynegy, Inc*. (9th Cir. 2004) 375 F.3d 831, 838; Miller v Diamond Shamrock Co. (5th Cir 2001) 275 F.3d 414, 417)

## VI.
## **CONCLUSION**

The removing party has failed to establish any viable basis for the removal of this cause from State Court.  The cause could not have been brought in Federal Court, there is no diversity of citizenship, the amount of controversy does not exceed $75,000.00 and there is no Federal statute implicated by the State Court filing.  For each of these reasons Plaintiff asks that the Court issue and Order of Remand.  Furthermore, Plaintiff requests this case be remanded as it were removed.  No additional parties such as the US Treasury should be added by virtue of this removal.  If they wish to be added, they may do so by filing the requisite forms within State Court.

Dated: October 9, 2023              Law Offices of Sam Chandra, APC

                                    By:   _____/s/_____
                                          Sam Chandra