UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ELZIRA M. WILBURN; EMT RECOVABLE LIVING TRUST, and DOES 1 through 10,<br><br>    Defendants. | Case No.: 2:23-cv-08193-CBM-Ex<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND REMOVED ACTION (14)**<br><br>JS-6 |

The matter before the Court is Plaintiff Breckenridge Property Fund 2016, LLC's ("Plaintiff") Motion to Remand. (Dkt. No. 14 (the "Motion").)

### I. BACKGROUND

On September 20, 2023, Plaintiff filed an unlawful detainer complaint against Defendant Elzira M. Wilburn in Los Angeles Superior Court . (Dkt. No. 1, Ex. A.) On September 29, 2023, pro se Defendant Wilburn filed a Notice of Removal. (*Id.*) On October 2, 2023, Defendant filed an Amended Notice of Removal based on federal question and diversity jurisdiction. (Dkt. No. 11.)

On October 9, 2023, Plaintiff filed this Motion to Remand, noticed for hearing on November 14, 2023. (Dkt. No. 14.) No opposition was filed; instead

1

1  Defendant filed a "Petition for Order to Show Cause why Declaratory Judgment
2  and Preliminary Injunction Should Not Enter Against Respondents (Verified)."[1]
3  (Dkt. No. **23**.)

## II. STATEMENT OF THE LAW

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c). A federal court shall have subject matter jurisdiction over cases that involve questions arising under federal law. 28 U.S.C. § 1331. An action arises under federal law if federal law creates the cause of action or if the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 245 U.S. 308, 314 (2005). Federal question jurisdiction will lie over state law claims that "really and substantially" involve a dispute or controversy respecting the validity, construction, or effect of federal law. *Id.* Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. A defense or counterclaim based on federal law does not give rise to federal question jurisdiction. *Id.* at 10.

## III. DISCUSSION

Plaintiff's Complaint alleges a claim for unlawful detainer under California law. (Dkt. No. 1, Ex. A.) Plaintiff purchased property located at 1056 West 52nd Street, Los Angeles, CA 90037 by virtue of being the highest bidder at a non-

---

[1] Since the Court lacks subject matter jurisdiction over this case, the Court **DENIES** the Petition for Order to Show Cause based on lack of subject matter jurisdiction. (Dkt. No. 23.)

judicial foreclosure sale. Following the sale, Plaintiff was provided with a Trustee's Deed Upon Sale which was recorded with the Los Angeles County Recorder's office perfecting title to the Property. Notice was served on Defendant pursuant to California Code of Civil Procedure §1162. Defendant failed to vacate the premises.

The underlying case filed in Los Angeles Superior Court alleges a statutory right of an owner to recover possession of real property following its purchase at a non-judicial foreclosure sale. Defendant is the occupant of the real property sold at a non-judicial sale. Defendant does not cite to any Federal Law which would confer this Court jurisdiction over this unlawful detainer. In her notice of removal, Defendant Wilburn names additional defendants as indispensable parties: Social Security Administration; Treasurer of the United States as Agent for the United States Government, *et al.* California courts have noted that in unlawful detainers "'the right to possession alone [is] involved'"—not title to the property. *Evans v. Superior Court,* 67 Cal.App.3d 162, 170 (1977) (quoting *Cheney v. Trauzettel,* 9 Cal.2d 158, 159, (1937)) (holding that in unlawful detainer actions, title may only be litigated as to whether the purchaser at a trustee's sale acquired the title in compliance with Cal. Code Civ. Proc. 1161a and the deed of trust). Accordingly, this action does not arise out of federal law, and thus the Court does not have subject matter jurisdiction over the dispute.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand and remands the case back to Los Angeles Superior Court.

**IT IS SO ORDERED.**

DATED: NOVEMBER 29, 2023

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE